UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WALLACE DAVENPORT,

                Plaintiff,

   -against-

CITY OF NEW YORK,
and ADAM SAGER,

             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**COMPLAINT**

**PLAINTIFF DEMANDS
A TRIAL BY JURY**

      Plaintiff Wallace Davenport, by his attorneys, Lumer & Neville, as and for his Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

      1.     At all times hereinafter mentioned, plaintiff Wallace Davenport was an adult male resident of Kings County, in the State of New York.

      2.     At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

      3.     At all relevant times hereinafter mentioned, defendant Adam Sager (Shield 7224) was employed by the City of New York as a member of the NYPD. Defendant Sager is sued herein in his individual capacity.

      4.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343 and 1367, and 42 U.S.C. § 1983.

5. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

6. That plaintiff timely served a Notice of Claim on the municipal defendant and complied with all conditions precedent to commencing an action under law.

7. At least thirty days have elapsed since service of plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

8. That the within action has been initiated within one year and ninety days of the happening of the termination of the criminal prosecution against plaintiff.

## RELEVANT FACTS

9. On October 24, 2014, at about 8:00 a.m., plaintiff was lawfully operating his motor vehicle at the intersection of Broadway and Wallabout Street, in Brooklyn, New York while driving his infant daughter to her elementary school.

10. At or about this time, two members of the NYPD stopped plaintiff, ordered him out of the vehicle at gunpoint, searched plaintiff and the car, and, despite the absence of any contraband, placed plaintiff under arrest.

11. Plaintiff was first taken to a NYPD station house in Kings County before he was transported to a station house in New York County, where his arrest was processed.

12. Upon information and belief, the two unidentified officers who seized, searched, and arrested plaintiff, did so at the request or as a result of the intentional actions of defendant Sager.

13. While plaintiff was in defendants' custody, defendant Sager stated that plaintiff had been seen on video stealing a woman's wallet in mid-town Manhattan.

14. After a period of hours, plaintiff, still in defendants' custody, was taken to Central Booking, where he remained in custody for a period of many more hours.

15. While plaintiff was were imprisoned by the defendants, defendant Sager completed arrest paperwork in which he claimed that an unidentified woman had claimed that on May 13, 2014, plaintiff had stolen her wallet from her pocket or handbag.

16. This allegation was false and Sager knew this to be false at the time it was made as the victim did not identify plaintiff as the person who stole her wallet, and even if she had, Sager had to know from the video evidence that it was not plaintiff.

17. On the date of the crime, plaintiff had reported to work in New Jersey as a courier, which required him to then travel to Long Island and Queens, and plaintiff did not and could not have had any involvement in the alleged robbery. Moreover, upon information and belief, the victim did not see the person who stole her wallet and did not and could not identify plaintiff as the perpetrator.

18. Sager forwarded these false allegations to the New York County District Attorney ("NYDA") in order to justify the arrest and to persuade the NYDA to commence the plaintiff's criminal prosecution.

19. Sager knew and understood that the NYDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of his claims and statements, and assuming that all of these factual statements and claims Sager was relaying were truthful in all material respects.

20. Sager further knew and understood that he was obligated to provide any and all exculpatory information to the NYDA and that she was expected to turn over to or otherwise provide the NYDA with all material information concerning the arrest, regardless of whether it was inculpatory or exculpatory.

21. As a direct result of these allegations by Sager, the plaintiff was criminally charged by the NYDA and arraigned under docket 2014NY081045 with grand larceny and jostling. The court set bail, which plaintiff could not immediately post, and he was transferred to the municipal defendant's custody for a period of time before he was able released from custody.

22. Although the larceny charge was a felony, the case was never presented to a grand jury, and on April 21, 2015, the charges was dismissed on the motion of the NYDA and the case terminated in plaintiff's favor.

23. At no time prior to or during the encounter did probable cause to arrest the plaintiff exist, nor was it reasonable for the defendants to believe that there was probable cause to arrest plaintiff.

24. Sager intentionally and deliberately gave false statements to the NYDA and/or failed to file accurate or corrective statements, and as a result, the plaintiff' was

subjected to criminal process, which continued for nearly six months.

25. That at all times relevant herein, Sager was acting within the scope of his employment, and acted in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

26. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

27. Sager intentionally caused plaintiff to be seized, searched, detained, and arrested, and caused plaintiff to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

28. By so doing, Sager subjected the plaintiff to false arrest and imprisonment in violation of plaintiff's rights under the Fourth Amendment of the United States Constitution.

29. By reason thereof, Sager has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

30. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

31. Sager intentionally and willfully fabricated evidence by falsely claiming that plaintiff had been identified as the person who had stolen the victim's wallet on May 13, 2014, and then forwarded these materially false factual claims to the NYDA in order to justify the arrest of plaintiff, and to justify, bring about, or otherwise cause the deprivation of plaintiff's liberty and the onset and continuation of his criminal prosecution by the NYDA.

32. By so doing, Sager subjected the plaintiff to the denial of his right to a fair trial and deprivation of his right to due process, and malicious prosecution, and thereby violated plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.

33. By reason thereof, Sager has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION

34. Plaintiff hereby realleges and incorporates by reference all of the preceding paragraphs as though they were fully set forth herein.

35. Defendant Sager is liable to the plaintiff under New York common law for the denial of plaintiff's right to a fair trial and deprivation of due process, and malicious prosecution.

36. The City of New York is vicariously liable under New York law to the plaintiff for the above conduct of it's employee(s) and agent(s).

6

37. By reason thereof, the municipal and individual defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, and the deprivation of his liberty.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

*Remainder of Page Intentionally Left Blank*

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    on causes of action one through three, actual and punitive damages against the individual defendant in an amount to be determined at trial;

    ii.    on cause of action three, actual damages against the municipal defendant in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:  New York, New York
          October 10, 2015

                              LUMER & NEVILLE
                              Attorneys for Plaintiff

                              /s/
                By: _____
                              Michael Lumer (ML-1947)
                              225 Broadway, Suite 2700
                              New York, New York 10007
                              (212) 566-5060